UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JULIANNE JONES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOSEPH BIDEN, )<br>)<br>Defendant. )<br>) | Civil Action No. 1:24-cv-00255 (UNA) |

## MEMORANDUM OPINION

Currently before the court is plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court grants plaintiff's IFP application and, for the reasons explained below, it dismisses the complaint without prejudice.

Plaintiff sues the President of the United States, and alleges that she "couldn't get a good night's rest because President Biden didn't let [her] stay at the White House or pay for [her] to have a safe hotel room to stay, etc." Compl. at 1, 3. The remainder of the complaint consists of a hodgepodge of vague and unconnected ruminations and *non-sequiturs*, contravening Federal Rule 10(b). *See id*. at 1–2. It ranges in topics broadly addressing, for example: plaintiff's purported suggestions to President Biden regarding a food stamp program; "2 [two] scientifically engineered books" that plaintiff claims to have authored; literacy levels in schools; crime levels in the United States; "murders of social security staff[,]" and;" plaintiff's alleged stolen property, including a "2001 Toyota Corolla . . . a copy of [her] 2 books . . . [and][,] [her] laptops[.]" *See id*. She demands $100 million as payment for [her] research because President Biden didn't pay [her]." *Id*. at 2.

*Pro se* litigants must comply with the Rules of Civil Procedure. Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the

grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant complaint falls within this category. As presented, neither the court nor defendant can reasonably be expected to identify plaintiff's claims, or any basis for this court's subject matter jurisdiction.

For these reasons, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: April 17, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge